UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. DICKS,<br><br>                          Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>                         Defendant. | Case No.: 25-CV-0192 W (AHG)<br><br>**ORDER GRANTING IRS'S MOTION TO DISMISS TAX REFUND CLAIMS FOR 2014 AND 2015 [DOC. 9]** |

     Pending before the Court is Defendant the Internal Revenue Service's ("IRS") motion to dismiss. (Doc. 9.) The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **GRANTS** the IRS's motion to dismiss. [Doc. 9.] The Court **DISMISSES WITHOUT LEAVE TO AMEND** Mr. Dicks's claims arising out of his 2014 and 2015 taxes.

I.   **BACKGROUND**

     On January 27, 2025, Plaintiff Michael D. Dicks filed this lawsuit against Defendant the IRS asserting that the IRS improperly withheld $1,839,176 in tax refunds for tax years 2013, 2014, and 2015. (*Compl.* [Doc. 1] at 1, ¶¶ 1–2.) On March 24, 2025,

the IRS moved to dismiss the claims for tax years 2014 and 2015,[1] asserting a lack of subject matter jurisdiction because Mr. Dicks had failed to pay taxes for those years and pursuant to the "full-payment rule" set forth in *Flora v. United States*, 357 U.S. 63 (1958). (*First Mtn.* [Doc. 4-1] at 1:20–27.)

In his opposition, Mr. Dicks argued that his tax liabilities for 2014 and 2015 had been discharged in bankruptcy court and because no tax deficiency remained, the full-payment rule did not apply. (*First Opp'n* [Doc. 5] at 3–4.) Mr. Dicks's complaint was dismissed with leave to amend, finding a lack of subject matter jurisdiction over Mr. Dick's claims because he failed to show that his taxes for 2014 and 2015 were discharged. (*Order* [Doc. 7] at 3–4.) The order did not decide whether taxes discharged in bankruptcy could satisfy the full-payment rule. (*Id.* at 4:13–17.)

On June 18, 2025, Mr. Dicks filed an amended complaint, which included an amended 1040 tax form, a bankruptcy petition, and an order of discharge. (*Amended Compl.* [Doc. 8] Exs. 1–3.) On July 1, 2025, the IRS again moved to dismiss the claims for tax years 2014 and 2015, arguing an absence of subject matter jurisdiction for the same reasons, and despite the amended complaint. (*Second Mtn.* [Doc. 9-1] at 1:20–28, 2:1–4.) On August 1, 2025, Mr. Dicks filed a response in opposition. (*Second Opp'n* [Doc. 10].) The IRS filed a reply. (*Second Reply* [Doc. 11].)

On September 16, 2025, an order to show cause was issued directing Mr. Dicks to "(1) submit evidence that his tax obligations in 2014 and 2015 were discharged and (2) submit supplemental briefing explaining how that evidence shows the debts were discharged." (*OSC* [Doc. 12] at 1–2.) Mr. Dicks provided additional evidence and briefing in response, which the Court considers below. (*OSC Reply* [Doc. 14].)

//
//

---

[1] The IRS determined that Mr. Dicks fully paid his 2013 tax liabilities, so that year is not at issue here. (*First Mtn.* [Doc. 4-1] at 2:8–11.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Limited jurisdiction means that federal courts can only adjudicate cases that both the Constitution and Congress authorize them to adjudicate, such as those involving diversity of citizenship, a federal question, or where the United States is a party. *Id.* Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of subject matter jurisdiction. Because subject matter jurisdiction involves the authority of the court to decide the case, the court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). Additionally, lack of subject matter jurisdiction may be raised either by the parties or *sua sponte* by the court. *See Washam v. Rabine*, No. 3:12CV2433-GPC-BLM, 2013 WL 1849233, at *1 (S.D. Cal. May 1, 2013).

When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In such circumstances, "no presumptive truthfulness attaches to [a] plaintiff's allegations, and the existence of disputed . . . facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Thornhill Publishing Co. v. General Telephone & Electronic Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)).

## III. DISCUSSION

The IRS has again moved to dismiss Mr. Dicks's 2014 and 2015 tax refund claims, arguing a lack of subject matter jurisdiction pursuant to *Flora's* full-payment rule.

(*Second Mtn.* at 1:20–28, 2:1–4.) Mr. Dicks bears the burden here because he invokes subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

In *Flora*, the IRS assessed a deficiency against a taxpayer, who paid only part of the assessment before suing in district court for a refund. *Flora*, 357 U.S. at 63–64. The Supreme Court held that the district court lacked subject matter jurisdiction because under 28 U.S.C § 1346(a)(1), a taxpayer must pay the full amount of the assessed tax before filing a suit for refund. *Id.* at 75–76. The Court explained that Congress' waiver of sovereign immunity for refund claims was limited, and did not alter the established principle that a taxpayer must "pay first and litigate later." *Id.* Here, in support of its motion to dismiss, the IRS makes two arguments: (1) Mr. Dicks did not provide proof of discharge, and (2) even if he did, debts discharged by bankruptcy do not constitute full-payment under *Flora*, and therefore the Court does not have subject matter jurisdiction over the claims. (*Second Mtn.* at 4–7.)

### a. Proof of Discharge

Mr. Dicks submitted documents purporting to show that his 2014 and 2015 tax obligations were discharged in bankruptcy.[2] In his amended complaint, Mr. Dicks attached an amended 1040 tax form, a bankruptcy petition, and an order of discharge. (*Amended Compl.* Exs. 1–3.) In his opposition, he submitted similar documents, including a bankruptcy petition, a bankruptcy order of discharge, a bankruptcy proof of claim for the IRS, and a final account and distribution report. (*Second Opp'n* Ex. 1-4.) Mr. Dicks argues that the order of discharge eliminates his "tax liability, and there is no tax deficiency." (*Id*. at 3:27–28.) The IRS, however, correctly notes that the bankruptcy discharge order does not explicitly state that Mr. Dicks's 2014 and 2015 tax obligations

---

[2] A party seeking dismissal for lack of subject-matter jurisdiction may do so "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A facial challenge is limited to the allegations set forth in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual challenge, the court may consider extrinsic evidence without converting the motion to dismiss into a motion for summary judgment. *Id.*

were discharged. (*Second Mtn.* at 2:14–16.) Although the order confirms that some debt was discharged, it contains no specification regarding the 2014 and 2015 tax years. The prior dismissal of Mr. Dicks's claims on this same ground found no evidence that his 2014 and 2015 tax liabilities were discharged. (*Order* at 4.)

Furthermore, as United States Courts explain, a general order of discharge does not identify which debts are discharged[3]:

> The notice, which is simply a copy of the final order of discharge, is not specific as to those debts determined by the court to be non-dischargeable, i.e., not covered by the discharge. The notice informs creditors generally that the debts owed to them have been discharged and that they should not attempt any further collection.

United States Courts, Discharge in Bankruptcy - Bankruptcy Basics, https://www.uscourts.gov/court-programs/bankruptcy/bankruptcy-basics/discharge-bankruptcy-bankruptcy-basics. In his reply to the order to show cause, Mr. Dicks elaborated on the requirements for discharging IRS income tax debts and explained how each requirement was satisfied, "resulting in the conclusion that [his] . . . tax debts have been discharged." (*OSC Reply* [Doc. 14] at 4–9.) Although this explanation provides useful information to determine if a debt was discharged, his claims fail as a matter of law because he does not satisfy *Flora*, as discussed below.

**b. Recovery by Discharged Taxes**

Even if Mr. Dicks's tax obligations were discharged, the IRS correctly argues that taxes discharged in bankruptcy do not satisfy the *Flora* full-payment rule because the taxes are still not paid, only rendered uncollectable. (*Second Reply* at 4.) As a bankruptcy court explained:

> The cases are clear in construing . . . that the effect of a discharge [is] simply to release a Bankrupt's personal liability for repayment of the debt. The

---

[3] Courts confirm this principle. "[B]ankruptcy discharge orders do not specifically identify which debts are discharged." *Bailey v. Experian Info. Sols., Inc.*, No. 1:21-CV-00465-BLW, 2023 WL 6317443, at *1 (D. Idaho Sept. 28, 2023), modified on reconsideration, No. 1:21-CV-00465-BLW, 2024 WL 914988 (D. Idaho Mar. 4, 2024).

> discharge is not a payment or extinguishment of the debt itself. It simply bars future legal proceedings to enforce the discharged debt against the Bankrupts.

*In re Berry*, 85 B.R. 367, 369 (Bankr. W.D. Pa. 1988). Similarly, the Seventh Circuit has recognized "that a discharge does not cancel the obligation; the obligation still exists." *Wagner v. United States*, 573 F.2d 447, 453 (7th Cir. 1978).

Mr. Dicks does not dispute that he failed to pay his 2014 and 2015 tax obligations. Instead, he argues that because those debts were discharged in a 2023 bankruptcy proceeding, no tax deficiency remains, and *Flora* is satisfied. (*Second Opp'n* at 5–6.) However, Mr. Dicks offers no authority or evidence showing that a bankruptcy discharge constitutes full-payment under *Flora*. Even if the argument were considered that Mr. Dicks fulfills the *Flora* rule, precedent shows the argument fails. The primary exception to *Flora*'s full-payment rule is the divisible tax exception, which does not apply here.[4] *Perfect Form Mfg. LLC v. United States*, 160 Fed. Cl. 149, 158 (2022); *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977). Courts interpret *Flora* and its limited exceptions narrowly and consistently decline to expand on them. *See, e.g.*, *Rocovich v. United States*, 933 F.2d 991, 995. (Fed. Cir. 1991).

A debt discharged in bankruptcy court is analogous to a debt rendered uncollectable by the running of the statute of limitations. Although the IRS may no longer pursue collection, the underlying debt remains unpaid. Under 26 U.S.C. § 6502(a)(1), the IRS has ten years to collect an assessed tax, yet a taxpayer seeking a refund on such taxes cannot recover because the tax was never fully paid. *See, e.g.*, *Wolfing v. United States*, 144 Fed. Cl. 626, 640–641 (2019). In *Wolfing*, the IRS wrote off taxes the plaintiff owed that were never collected and rendered them "uncollectable" because the ten-year statute of limitations on collection had expired. *Id.* at 633. While

---

[4] A divisible tax, like an excise or an employment tax, "is one that represents the aggregate of taxes due on multiple transactions." *Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1991). Mr. Dicks's taxes are not divisible taxes, as they arise from single events: 2014 taxes and 2015 taxes.

the plaintiff owed nothing to the IRS, the court found this did not qualify as full payment under *Flora*, *Id.* at 640–641, analogous to this case. Additionally, unpaid taxes that are deferred do not qualify as full-payment under *Flora*. *See, e.g.*, *Rocovich*, 933 F. 2d at 995.

Accordingly, because Mr. Dicks did not fully pay his 2014 and 2015 taxes, he cannot recover under *Flora's* full-payment rule. Furthermore, as full payment is a prerequisite for a district court to maintain jurisdiction over refund claims, *Flora*, 357 U.S. at 75–76, the Court lacks subject matter jurisdiction, and the claims must be dismissed.

### IV.  LEAVE TO AMEND

Courts have broad discretion to grant leave to amend a complaint. *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020). This discretion includes the right to deny leave to amend where such amendment would be futile. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) (citing *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Nguyen*, 962 F.3d at 420 (holding that the district court did not err by denying leave to amend "because it was clear that the plaintiff had made her best case and had been found wanting") (internal quotations omitted).

Here, Mr. Dicks was previously granted leave to amend and has had multiple opportunities to plead his claims, and to explain the sufficiency of those allegations. Despite these opportunities, he cites no authority supporting his position and merely makes conclusory statements such as, "Plaintiff owes nothing to the IRS for the 2014 and 2015 tax years. He is paid in full." (*Second Opp'n* at 1:27–28.) Mr. Dicks's allegations do not permit a reasonable inference that an absence of liability satisfies *Flora's* requirement of full-payment. As Mr. Dicks has not shown that he can recover under

*Flora* for the claims arising from his 2014 and 2015 taxes, those claims fail as a matter of law. Therefore, leave to amend is not warranted.

V. <u>CONCLUSION</u>

For the above reasons, the Court concludes that Mr. Dicks has failed to establish subject matter jurisdiction over his 2014 and 2015 tax return claims and amendment would be futile. Therefore, the IRS's motion to dismiss those claims is **GRANTED** [Doc. 9]. The Court **DISMISSES WITHOUT LEAVE TO AMEND** Mr. Dicks's claims arising out of his 2014 and 2015 taxes. Mr. Dicks's 26 U.S.C. § 6402 claim arising out of the 2013 taxes survives this order.

**IT IS SO ORDERED.**

Dated: November 13, 2025

Hon. Thomas J. Whelan
United States District Judge